IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cr-30172-DWD |
| | ) |
| RAYMOND J. McCARVEY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On October 26, 2020, Defendant Raymond J. McCarvey filed his *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1) (Doc. 46). Defendant is not entitled to the appointment of counsel in this matter. *See United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021) (The 2018 First Step Act does not supply a statutory entitlement to counsel); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) (Prisoners seeking lower sentences under § 3582(c) "do not receive counsel at public expense."). However, the Federal Public Defender made the admirable offer to represent inmates seeking compassionate release in this District as a service to both the judiciary and prisoners. Accordingly, on December 29, 2020, the Court appointed the Federal Public Defender to represent Defendant (Doc. 50).

On January 5, 2021, Assistant Federal Defender Melissa A. Day entered her appearance on behalf of Defendant (Doc. 51) and filed her Motion to Withdraw (Doc. 52). Attorney Day asks the Court to appoint a CJA panel attorney to represent Defendant

upon her withdrawal and termination as counsel. The United States of America filed a response (Doc. 53) to Attorney Day's Motion, objecting to the further appointment of a CJA panel attorney to represent Defendant upon the Federal Public Defender's withdrawal. The Government argues that defendants in compassionate release proceedings are not eligible for any publicly funded representation under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A – whether by the Federal Public Defender ("FPD") or by CJA panel attorneys.

Attorney Day filed her Reply to the Government's Objection, and the Court held a motion hearing via Zoom on February 9, 2021. Following arguments from counsel, the Court permitted the Government and the FPD to submit additional briefing on their arguments, and to specifically address the Government's standing to file an objection, and the issue of whether the Court's discretion to appoint a paid CJA panel attorney for Defendant. The Government filed its supplemental brief (Doc. 58) on February 16, 2021, and Attorney Day responded (Doc. 59) on February 23, 2021. For the reasons detailed below, the Court will not appoint a _paid_ CJA panel attorney upon the FPD's withdrawal.

## Discussion

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, governs the appointment of counsel in criminal cases. The CJA provides that a "person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). While the ability of a defendant to bring a motion for compassionate release under 18 U.S.C. §

3582(c)(1)(A) is relatively new, the Seventh Circuit has clearly determined that a motion brought pursuant to Section 3582(c) does not require appointed counsel under the CJA. *See Blake*, 986 F.3d at 756 (The CJA "does not entitle a defendant to appointed counsel at public expense when seeking a lower sentence under § 3582(c).") (internal citations omitted); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020) (same); *Foster*, 706 F.3d at 888 (relying on *Untied States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) (defendants are not entitled to appointed counsel under the CJA when seeking a lower sentence under § 3582(c)).

However, the district court's discretion to appoint counsel for defendants pursuing relief under Section 3582(c) is equally clear. *See Blake*, 986 F.3d at 756 ("District judges have discretion to recruit and sometimes appoint counsel for prisoners seeking post-judgment benefits, but prisoners do not have a constitutional or statutory *entitlement* to appointed counsel.") (emphasis in original) (internal citations omitted); *Guerrero*, 946 F.3d at 985 ("[D]istrict courts are not *required* to appoint counsel under these circumstances, but it does not *prohibit* them from doing so) (emphasis in original); *see also United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) ("How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion. The judge can appoint counsel for a movant, but need not do so.").

Although the Court's discretion to appoint counsel under the CJA is clear, the Court must still determine whether its discretion to appoint counsel under the CJA includes authority to authorize the subsequent payment of the appointed attorney. The Government insists that if the Court has discretion to appoint counsel under the CJA for

prisoners seeking compassionate release (which the Government does not concede), then the Court lacks the authority to pay such attorney, and any appointments must be done on a *pro bono* basis.  The Government also argues that the appointment of the Federal Public Defender for compassionate release matters is similarly inappropriate because the Federal Public Defender's salaries are paid from the "public fisc."

Preliminarily, the Court must first address the Government's standing here.  The Federal Public Defender argues that the Government has no real interest in the appointment of counsel for the Defendant, and therefore lacks standing to question any resulting appointment.  The Court disagrees.  The Government is charged with safeguarding the expenditure of government funds, and the CJA Guidelines advise that "the prosecution and other interested entities" may present arguments to the Court concerning a person's eligibility for the appointment of counsel under the CJA.  *See* 7A *Guide to Judiciary Policy* § 210.40.20(g) (Feb. 25, 2021).[1]  Moreover, it is incumbent on the Court to not exceed its authority even in the absence of a complaint from the Government.  Therefore, the Court finds it appropriate to consider this question.

Turning now to the issue of compensation.  While the Court has discretion to appoint counsel for Defendant pursuing relief under § 3582(c), the Seventh Circuit has instructed that such appointments should not be paid.  *Foster*, 553 F.3d at 888 (Finding that the court's discretion to appoint counsel under Section (a)(2) of the CJA does not apply to motions under § 3582(c), and as such prisoners seeking sentence reductions "do

---

[1] The CJA Guidelines are publicly available online at:
https://www.uscourts.gov/sites/default/files/vol_07.pdf.

4

not receive counsel at public expense."); *see also United States v. Robinson*, 812 F.3d 1130, 1132 (7th Cir. 2016) ("Although the Criminal Justice Act does not authorize the appointment and compensation of a lawyer for the defendant in a proceeding based on a retroactive change in the applicable guidelines, district judges can if they want try to recruit pro bono counsel, who donate their time rather than selling their services to the judiciary"). Accordingly, the current precedent in this Circuit prohibits the compensation of CJA panel attorneys appointed for defendants seeking compassionate release under 18 U.S.C. § 3582(c)(1).

As the Federal Public Defender volunteered to provide services to Defendant and consented to take this case, this appointment was appropriate. However, upon the FPD's withdrawal from this matter, the Court will not subsequently appoint a *paid* CJA attorney for Defendant. In light of this ruling, the Court will permit the Federal Public Defender to reconsider its representation of Defendant and whether it wishes to proceed on its Motion to Withdraw. As such, the FPD is **ORDERED** to file a motion or notice by **March 26, 2021** indicating whether, after having considered the directives in this Order, the FPD intends to stand on its pending Motion to Withdraw at Doc. 52.

**SO ORDERED.**

Dated: March 17, 2021

_____
DAVID W. DUGAN
United States District Judge