IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CR-30172-DWD |
| | ) | |
| RAYMOND J. MCCARVEY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Defendant Raymond J. McCarvey seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1) (Doc. 46). On December 29, 2021, the Court appointed the Federal Public Defender to represent Defendant (Doc. 50). The FPD moved to withdraw and have a CJA attorney appointed for Defendant (Doc. 52). The Government objected (Doc. 53) to the appointment of a CJA attorney arguing that current Seventh Circuit precedent does not permit the Court to appoint a *paid* CJA panel attorney upon the FPD's withdrawal. On March 17, 2021, the Court determined that the it would not appoint a CJA attorney for Defendant McCarvey should the FPD withdraw from this matter (Doc. 61).

Now before the Court is Assistant Federal Defender Melissa Day's Motion for Reconsideration (Doc. 64) of the Court's decision to not appoint a paid CJA attorney for Defendant. The Government filed a Response (Doc. 66) opposing the Motion. For the reasons stated below, the FPD's Motion will be denied.

1

The Federal Rules of Criminal Procedure do not expressly recognize motions to reconsider, but the United States Supreme Court has held that such motions "are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 77 (1964)). A motion to reconsider serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *see also Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). They may not be used to re-raise arguments that have been rejected by the Court previously. *Caisse Nationale*, 90 F.3d at 1270.

The FPD argues that the Court has inherent power to appoint counsel for criminal defendants, such as Defendant McCarvey. The FPD relies on the Southern District of Illinois' inherent power to regulate the operations of the Court through its issuance of administrative orders and further argues that not appointing CJA counsel upon the FPD's withdrawal pursuant to Administrative Order 265, would abrogate its application in this District. The FPD also argues that the Court has inherent power to appoint counsel for Defendant "even in the absence of a statute", citing to *Powell v. Alabama*, 287 U.S. 45, 73 (1932), which held that Courts have the inherent power to appoint counsel for indigent defendants at every critical stage of "the proceedings against him." *See United States v. Febus*, 218 F.3d 784, 793 (7th Cir. 2000) (citing *Power*, 287 U.S. at 73). These critical stages include "the indictment, arraignment, preliminary hearing, and sentencing." *Id.* at 794 (citing *United States v. O'Leary*, 856 F.2d 1011, 1014 (7th Cir. 1988).

2

To the extent that these arguments are appropriate for a motion to reconsider, the Court finds them unpersuasive in light of the current precedent in this Circuit which this Court is bound to abide. The Seventh Circuit has clearly instructed that motions for under § 3582(c) are "not part of a criminal prosecution or a form of collateral attack". *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013); *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021) ("Once the direct appeal is over, . . . the Constitution no longer requires the government to ensure that the defendant has a lawyer."). As such, defendants in Section 3582(c) proceedings do not have an entitlement to counsel, whether under the Criminal Justice Act, the 2018 First Step Act, or through this Court's inherent power. *Blake*, 986 F.3d at 758; *Foster*, 706 F.3d at 888.

While the Court is not prohibited from recruiting counsel for defendants in Section 3582(c) proceedings, *see United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020), the Circuit has rejected that the Court's inherent power supplies the ability to compensate appointed counsel. *Foster*, 706 F.3d at 888 (7th Cir. 2013) (The Court's "inherent power" does not authorize the appointment of counsel "at public expense" to prosecute Section 3582(c) motions); *see also United States v. Robinson*, 812 F.3d 1130, 1132 (7th Cir. 2016) ("Although the Criminal Justice Act does not authorize the appointment and compensation of a lawyer for the defendant in a proceeding based on a retroactive change in the applicable guidelines, district judges can if they want try to recruit pro bono counsel, who donate their time rather than selling their services to the judiciary").

3

Accordingly, the current precedent in this Circuit does not provide for compensation of CJA panel attorneys appointed for defendants seeking compassionate release under 18 U.S.C. § 3582(c)(1). Moreover, even if the Court had discretion to appoint and compensate a CJA panel attorney with public funds, the Court would not do so in this matter. Defendant's Motion for Compassionate Release is not particularly complex factually or legally, and but for the Federal Public Defender's willingness to enter an appearance on behalf of defendants who may be eligible for compassionate relief, Defendant appears able to adequately present his claim.

Defendant's Motion for Reconsideration (Doc. 64) is **DENIED**.

The FPD is **DIRECTED** to file a motion or notice by **July 8, 2021**, indicating whether, the FPD intends to stand on its pending Motion to Withdraw at Doc. 52.

**SO ORDERED.**

Dated: July 1, 2021

---

DAVID W. DUGAN
United States District Judge