IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cr-30172-DWD |
| ) | |
| RAYMOND J. MCCARVEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

On January 8, 2014, Defendant Raymond J. McCarvey pleaded guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii) (Doc. 24). Defendant was sentenced to a term of imprisonment of 188-months, to be followed by a 4-year term of supervised release (Doc. 38). Defendant's projected release date is January 7, 2027 (Doc. 75). Now before the Court is Defendant's motion for compassionate release (Doc. 46), supplements (Doc. 49, Doc. 49, Doc. 60), and the amended motion for compassionate release filed by the Office of the Federal Public Defender (Doc. 75). McCarvey seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asking this Court to reduce his sentence to time served. The Government opposes the motions (Doc. 76). For the following reasons, the motions will be denied.

**The First Step Act of 2018**

Compassionate release long has been an exception to the general rule that sentences imposed in criminal cases are final and may not be modified. Prior to the

passage of the First Step Act, a defendant seeking compassionate release first had to request it through the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion, provided that they exhaust administrative rights prior to seeking relief in the courts. The Seventh Circuit has held that failure to satisfy the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) is an affirmative defense that must be raised by the Government or else it is waived. *See United States v. Sanford*, 986 F.3d 779, 781 (7th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). Here, the Government does not challenge McCarvey's exhaustion efforts (*See* Doc. 76) and therefore waives any argument concerning the same.

After a compassionate release motion is filed, the Court may reduce the term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). If such reasons exist, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a). The defendant bears the burden of showing that he is entitled to relief under the First Step Act. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Where a motion is brought by the defendant, the Court may consider the Sentencing Commission's policy statements but is not bound by them. *Gunn*, 980 F.3d at 1180. This "working definition of 'extraordinary and compelling reasons'" includes circumstances surrounding the medical condition of the defendant, the age of the defendant, and family circumstances. *Id.* (citing U.S.S.G. 1B1.13 and its Application

2

Notes). Applicable to the instant motion, the policy statement provides that extraordinary and compelling reasons exist when a defendant "is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or "the defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13. Of course, the Court is not constrained by the policy statement and Application Notes in U.S.S.G. 1B1.13; the Court merely uses the working definition to assist in exercising its discretion. *See Gunn*, 980 F.3d at 1180.

### Discussion

McCarvey argues that extraordinary and compelling reasons exist for his release due to the Covid-19 pandemic, and that his recurrent testicular cancer (Doc. 75) increases his susceptibility to complications from Covid-19. Beyond these justifications for considering his compassionate release motion, McCarvey maintains that his cancer diagnosis provides an extraordinary and compelling reasons within the purview of note 1(A)(ii) of U.S.S.G. 1B1.13 because his ability to provide self-care is diminished (Doc. 75, p. 6). Here, McCarvey argues that he needs direct familial support to properly treat his cancer, and that such direct support is missing from his current medical care at the Bureau of Prisons (*Id.* at p. 8).

McCarvey also argues that he may have been entitled to a lower sentence today because he did not receive the benefit of the Supreme Court's decisions in *Johnson* and

*Beckles* (*Id.* at pp. 9-10).[1] Finally, McCarvey argues that his background and history, along with his conduct while incarcerated are indicia of rehabilitation which weigh in favor of early release (Doc. 75, pp. 12-13). Specifically, he states that he completed 628 educational hours consisting of computer classes, math, finance, civil war studies, janitorial and OSHA classes, and a class on how to locate jobs (Doc. 75, p. 13). Also, he has had limited disciplinary issues, none of which included violence; although his most recent incident involved alcohol in May 2020 (Doc. 75, p. 13).

The Government opposes McCarvey's motion, arguing that McCarvey failed to establish extraordinary and compelling reasons, and because McCarvey declined to receive the Covid-19 vaccine. The Government also argues that the factors in § 3553(a) weigh against McCarvey's early release. Specifically, the Government points to McCarvey's criminal history and the BOP's placement of him at a high risk of recidivism to argue that McCarvey remains a danger to the public (*See* Doc. 76, p. 8; Doc. 76-1).

McCarvey does not satisfy any of the factual predicates listed by the Sentencing Commission as constituting "extraordinary and compelling reasons" justifying compassionate release. Specifically, he has not established that he is suffering from a terminal illness or other condition from which he is not expected to recover, he is under 65 years old, and he does not indicate any death or incapacitation in his immediate family (*See* Doc. 75-2, p. 10) (McCarvey's medical provider indicated that he does not have a

---

[1] *See Johnson v. United States*, 576 U.S. 591 (2015) (holding that imposing an increased sentence under the Armed Career Criminal Act's residual clause violates due process); *Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding broadly that advisory sentencing guidelines are not subject to vagueness challenges under the Due Process Clause, and thus, the reasoning of *Johnson* does not extend to § 4B1.2's residual clause).

4

terminal diagnosis or incurable progressive illness, and that he has chronic illnesses requiring only conventional treatment, and is under 65 years of age). While McCarvey argues that his cancer is recurrent, he has not suggested that he received a terminal diagnosis. Nor do his medical records indicate that his prognosis is terminal (*See* Doc. 75-2, p. 10); (Doc. 60, pp. 6-10) (indicating that McCarvey's expected response to treatment as "good" and that "end of life" treatment is "not applicable").

However, in the unusual circumstances of the COVID-19 pandemic, courts have been willing to look beyond the enumerated list of extraordinary and compelling reasons listed by the Sentencing Commission, particularly where underlying medical conditions and other risk factors make defendants particularly susceptible to COVID-19. Here, McCarvey's cancer may increase his vulnerability to COVID-19. According to the Centers for Disease Control ("CDC"), persons with cancer are more likely to get severely ill from COVID-19.[2] The Government, however, argues that this increased risk is self-inflicted because McCarvey has refused to receive the COVID-19 vaccine (*See* Doc. 75-1, p. 270). Indeed, the Seventh Circuit has reasoned that a "prisoner who remains at elevated risk [for COVID-19] because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). In response, McCarvey proffers that the COVID-19 vaccine is not in his best interest because he is undergoing chemotherapy (Doc. 75, p. 8). The Government later concedes that it is

---

[2]*See Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed March 29, 2022).

5

generally not advisable for a cancer patient receiving chemotherapy to receive the COVID-19 vaccine (*See* Doc. 76, p. 17). Therefore, the Court declines to weigh the reasonableness of McCarvey's stated justification for declining vaccination under these circumstances and will not credit his refusal against him.

Nevertheless, even accepting that the cumulative effect of McCarvey's medical conditions, the record does not support finding an extraordinary and compelling reason for immediate release. McCarvey's medical records confirm that McCarvey has been receiving medical care and is actively undergoing chemotherapy. His assertions that he requires familial support outside of prison to better cure his cancer or provide appropriate self-care are speculative at best, particularly in consideration of his uncertain treatment plan should he be released. (*See* Doc. 75-3, at p. 1) (acknowledging that McCarvey is uncertain of where his medical treatment would take place should his motion for compassionate release be granted).

Moreover, McCarvey's arguments of increased risk of susceptibility to COVID-19 due to prison conditions at FMC Butner ("Butner"), where he is currently incarcerated[3], do not constitute an extraordinary and compelling reason for a sentence reduction at this time. Butner currently has four inmates and three staff members who have tested positive for COVID-19. *See Coronavirus*, BOP, https://www.bop.gov/coronavirus (last accessed March 29, 2022). While five inmates at Butner have died from COVID-19, 192 inmates and 204 staff members have recovered from an infection. *Id.* Additionally, the

---

[3] *See Find an Inmate*, Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc (last accessed March 29, 2022).

6

Bureau of Prisons has implemented a Modified Operations Plan to combat the spread of COVID-19 in all of its facilities.[4] Butner is currently operating at an Operational Level 1 indicating that its medical isolation rate is less than 2%, its facility vaccination rate is greater than or equal to 65%, and the community transmission rate is less than 50 per 100,000 over the last 7 days. *See* https://www.bop.gov/locations/institutions/buh/ (last accessed March 29, 2022). Therefore, the risk of contracting COVID-19 at Butner remains low.

Finally, McCarvey's arguments concerning his post-*Johnson* and *Beckles* sentence disparity is not an extraordinary and compelling reason for release. While McCarvey does not try to argue that Section 401 of the First Step Act is retroactive (it is not), he does observe that were he sentenced today, one of his prior convictions (aggravated fleeing or attempting to elude a police officer) would no longer be considered a career offender predicate (Doc. 75, p. 10); *See United States v. Thomas*, No. 10-30046, 2020 WL 4917730, at *5 (C.D. Ill. Aug. 21, 2020), *aff'd,* No. 20-2683, 2021 WL 1711808 (7th Cir. Apr. 30, 2021). Without the career offender designation, McCarvey's guideline range would have been 92 to 115 months, whereas his guideline range at the time of sentencing was 188-235 months (Doc. 75, p. 10; Doc. 76, p. 3). He argues that this disparity constitutes an extraordinary and compelling reason for compassionate release. However, this Court finds that the disparity between the results of the different sentencing guidelines does

---

[4] The BOP's Modified Operations Plan is available at
https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last accessed March 29, 2022).

not amount to an extraordinary and compelling reason for sentence modification alone, or in combination with the totality of the circumstances McCarvey raises. *See Thomas*, 2021 WL 1711808 (affirming the district court's finding that defendant's motion based on post-*Johnson* sentence disparity was not an extraordinary and compelling reason for compassionate release). Congress chose not to make the First Step Act retroactive, and this Court will not use compassionate release to do what Congress did not.

Absent the problematic tension between McCarvey's compassionate release motion, and the relief offered under 28 U.S.C. § 2255[5], McCarvey has previously attacked his sentence on these same grounds through a motion to vacate, set aside or correct his sentence. *See McCarvey v. United States of America*, 16-CV-720-DRH (arguing that he was no longer a career offender after the Supreme Court's decision in *Johnson*). On May 18, 2017, the district court denied his motion finding that *Beckles* was dispositive of the motion. *Id.* at Doc. 24. Therefore, even if the Court construed his motion as having been brought under 28 U.S.C. § 2255, *see United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) (affirming district court's recharacterization of a motion as having been brought under § 2255 because "it is the substance of the petitioner's motion that controls how his request for relief shall be treated"), it would not help McCarvey's cause. McCarvey has not filed an application for permission to file a second or successive habeas petition with

---

[5] "As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *see also United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), *cert. denied,* No. 21-877, 2022 WL 827870 (U.S. Mar. 21, 2022) (voicing concerns that the scope of discretion conferred by the First Step Act would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge their sentences).

8

the Court of Appeals, and his arguments concerning *Johnson* has already been disposed of. In short, neither the First Step Act nor § 2255 can provide McCarvey the relief he now seeks.

Nevertheless, even if McCarvey's medical condition or the aggregate of his circumstances established an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A), the sentencing factors in 18 U.S.C. § 3553(a) outweigh any considerations of compassionate release here. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) ("Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns."). Specifically, the United States has pointed to significant evidence that McCarvey poses a danger to other persons. McCarvey's criminal history includes charges for residential burglary and attempt home invasion, along with additional charges for unlawful possession of weapons and controlled substances, some of which he committed while out on parole (Doc. 33). Further, the BOP has placed him at a high risk of recidivism (*See* Doc. 76-1).

McCarvey also concedes that he has had disciplinary infractions while incarcerated, including an incident in April 2020 involving the possession of drugs/alcohol (*See* Doc. 75-3, p. 7). While McCarvey argues that his 2020 disciplinary infraction was not violent, his possession of alcohol in April 2020, in combination with the BOP's assessment in May 2021 that he has identified substance abuse (*See* Doc. 76-1) are troubling in light of the nature of his instant drug offense. Accordingly, the Court is not convinced that any extraordinary and compelling reason would outweigh the

9

sentencing factors in 18 U.S.C. § 3553(a), and particularly the need to adequately deter McCarvey and others from committing further crimes and to protect the public. Moreover, the Court is concerned with McCarvey's ability to receive needed medical care should his sentence be reduced in accordance with 18 U.S.C. § 3553(a)(2)(D).

In sum, considering the totality of the record before the Court, McCarvey's sentence remains necessary to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, to adequately deter McCarvey and others from committing further crimes, and to protect the public. Under these facts, compassionate release is not appropriate.

## Conclusion

Defendant's Motions for Compassionate Release (Docs. 46, 60, 75) are therefore **DENIED**.

**SO ORDERED.**

Dated: April 1, 2022

_____
DAVID W. DUGAN
United States District Judge